**MEIYING LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

No. 05–5750–ag.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Steven Kim, Nancy A. Miller, Assistant United States, Attorneys, Brooklyn, New York, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Meiying Lin, a citizen of the People's Republic of China, petitions for review of the BIA's denial of her motion for reconsideration. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA acted within it's discretion in denying Lin's motion for reconsideration. Lin argued in her motion that the holding of *Matter of C–Y–Z–,* 21 I. & N. Dec. 915, 919, 1997 WL 353222 (BIA 1997), should extend to nieces. However, this argument was raised before the BIA on Lin's direct appeal, because the IJ had held that *Mat-*ter of C–Y–Z– did not extend to nieces, and Lin argued to the BIA that the IJ's determination was erroneous. Because the BIA affirmed the IJ's C–Y–Z– argument on direct appeal, it did not abuse its discretion in denying Lin's motion to reconsider. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (the BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected). Furthermore, this Court lacks jurisdiction to review the arguments Lin raises in her petition for review—that Lin established eligibility even if C–Y–Z– doesn't extend to nieces—because those arguments were not previously raised to the BIA, and are, therefore, unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005).

For the foregoing reasons, Lin's petition for review of the BIA's denial of her motion for reconsideration is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).